THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division

STATE FARM MUTUAL AUTO. INS. CO. :
Subrogee of Angela Hemsley :
PO BOX 2371 :
Bloomington, IL 61702-2371 :
　　　　　　　　　　　　　　　　　　　　:
　　*Plaintiff,*　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　: Case # _____
　　　　　　　　　　　　　　　　　　　　:
UNITED STATES POSTAL SERVICE　　　　:
SERVE: Thomas J. Marshall, General Counsel :
　　　　475 L'Enfant Plaza, SW　　　　　:
　　　　Washington, DC 20590　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　*Defendant.*　　　　　　　　　　　　:
_____:

### *COMPLAINT*
### *(Negligence/Subrogation)*

Plaintiff, by counsel, as and for its Complaint against Defendant, states as follows:

### *Jurisdiction*

1.　　The Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 USC 1346, as it arises from the conduct of an employee of the United States Postal Service who was acting in the course and scope of his/her employment.

### *Venue*

2.　　Venue is proper in the judicial district as the automobile accident from which this action arises occurred in the District of Columbia, specifically on Thayer Street, NE in Washington, D.C..

### *Facts*

3. At all times relevant hereto, Angela Hemsley ("HEMSLEY") was insured under an automobile insurance policy issued by Plaintiff.

4. On or about January 23, 2014, at approximately 6:05 p.m. while in the course of his/her employment with the Defendant, an employee of the Defendant was operating a motor vehicle owned by Defendant on Thayer Street, NE in Washington, D.C.

5. Suddenly and without warning, said employee of the Defendant negligently caused said vehicle to strike a third party vehicle in the rear. As a result of the impact, the third party vehicle struck a vehicle owned by HEMSLEY in the rear.

6. As a result of Defendant's employee's aforesaid negligence, HEMSLEY's vehicle was damaged.

7. The aforesaid incident was the proximate result of Defendant's employee's negligence and was not caused in any way by the actions or inactions of HEMSLEY or any third party.

8. Pursuant to its automobile insurance policy with HEMSLEY, Plaintiff was obligated to, and did, pay the sum of $2,215.08 to, or on behalf of, HEMSLEY who paid her $250 deductible.

9. Defendant is vicariously liable for the negligence of said employee who was acting within the course and scope of his/her employment with Defendant and in furtherance of Defendant's business.

10. On or about July 1, 2014, Plaintiff presented a Standard

Form 95 claim for damages to Defendant pursuant to the terms of the Federal Tort Claims Act, 28 USC 2675.

11. Upon information and belief, Defendant has not accepted or rejected said claim.

12. Plaintiff, pursuant to its subrogation rights, seeks the sum of $2,465.08 from Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $2,465.08, together with interest at the legal rate from the date of judgment, together with the costs of this action and such other relief as is deemed just and proper.

Respectfully submitted,

RATHBONE GROUP, LLC.

By: /s/ Adam R. Wilk
Adam R. Wilk, #418676
10615 Judicial Drive, #303
Fairfax, Virginia 22030
800-870-5521 x 3022
awilk@rathbonegroup.com

Counsel for Plaintiff